UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JOSEPH SLOVINEC,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     Civil Action No. 11-0254 (RWR)
                                    )
COMMUNICATIONS WORKERS              )
OF AMERICA,                         )
                                    )
            Defendant.              )
_____ )

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss the complaint. For the reasons discussed below, the motion will granted.

I.  BACKGROUND

From March 2008 until his termination on January 8, 2009, plaintiff was employed "as a fundraiser for Share Group," a client of which was The Humane Society of the United States. Compl. ¶ 1. Plaintiff was charged with entering a false pledge:

> On 11/25/08 [plaintiff] put through a pledge of $10 per month by check for an HSSP donor. The donor and client complained that the donor never made a pledge, and that further the call was rude. The complaint was to the extent that [a] request was made that [plaintiff] make no more calls for [The Humane Society].

*Id.*, App. E (Employee Accountability Form, Share Group, Inc., dated January 8, 2009).

Pursuant to a collective bargaining agreement between Share Group and the Communications Workers of America ("CWA"), a four-step grievance process was available for

1

the resolution of "problems aris[ing] in the workplace," *id.*, App. A-2 (excerpt from collective bargaining agreement), the first two steps of which are relevant to this action:

> Step One
>
> An employee may choose to present his/her own grievance, without the Union's involvement on his/her behalf. If an employee presents his/her own grievance, the Union retains the right to review any adjustment or resolution of such grievance to insure that it is consistent with the provisions of this Agreement. Grievances must be presented initially with the Associate Call Center Director within 21 days of the occurrence that gave rise to the grievance. If Share [Group] does not agree, in writing, to the remedy requested there shall be, within 7 days, a meeting including the Union Steward and/or representative, the employee, if he/she chooses to attend, and the Associate Call Center Director. The Associate Call Center Director shall give a written response to the grievance within 7 days of that meeting.
>
> Step Two
>
> If the grievance has not been settled through Step One, it may be resubmitted in writing to the Director of Labor Relations . . . within 7 business days of the receipt of the Associate Call Center Director's final response to Step One. Within 14 days there shall be a meeting including the Union Steward and/or representative, the grievant, if the Grievant chooses to attend, and the Director of Labor Relations . . . . The Director of Labor Relations . . . will give his/her written response to the grievance within 7 business days of that meeting.

*Id.*, App. A-3 (excerpt from collective bargaining agreement). If the grievance is not settled in Step Two, either CWA or Share Group may request mediation from the Federal Mediation and Conciliation Service (Step Three), and if mediation is unsuccessful, CWA may submit the grievance to the American Arbitration Association (Step Four). *Id.*

Plaintiff presented a grievance with respect to his termination. *See* Compl., App. (Statement of Occurrence, Local 2336, dated January 8, 2009). Share Group provided "no written response" after Step One of the grievance process, and CWA's representative "did not

2

provide one" either. *Id.* ¶ 7. CWA "appealed the . . . grievance to the second step of the process on January 16, 2009." *Id.*, App. D (Letter to plaintiff from Michael B. Harris, President, Communications Workers of America, Local 2336, dated March 26, 2009). According to plaintiff, CWA violated the collective bargaining agreement when its representative did not allow plaintiff to attend a January 23, 2009 meeting with a Share Group representative at Step Two of the grievance process, during which Share Group decided "to uphold [plaintiff's] termination." *Id.* "Based on [Share Group's] policy, and information provided at the grievance meeting regarding discipline of [plaintiff]," CWA opted "not to pursue this case any further."[1] *Id.*

## II.  DISCUSSION

A plaintiff need only provide a "short and plain statement of [his] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). Plaintiff plainly states that he "sues [CWA] for breach of duty of fair representation and 42 U.S.C. [§] 1983 due process violation." Compl. at 1. CWA argues that it "is entitled to judgment on the pleadings dismissing this action as a matter of law since the allegations of the complaint fail to state a claim upon which relief can be granted." Motion to Dismiss ¶ 2; *see generally* Memorandum of Points and Authorities in Support of Defendant's Motion for Judgment on the Pleadings ("Def.'s Mem.") at 5-9.

---

[1]   Plaintiff states that Share Group had complained that he "used washroom too much on a medical excuse after a bad hospitalization," Compl. ¶ 3, and that Share Group had "made . . . claims of poor work performance," *id.* ¶ 4, prior to the false pledge incident.

*A. Judgment on the Pleadings Under Rule 12(c)*

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."[2] Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is appropriately granted when no material issue of fact remains to be resolved, and the movant is clearly entitled to judgment as a matter of law." *Montanans for Multiple Use v. Barbouletos,* 542 F. Supp. 2d 9, 13 (D.D.C. 2008) (brackets and citations omitted), *aff'd*, 568 F.3d 225 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 3331 (2010); *see Lans v. Adduci Mastriani & Schaumberg, L.L.P.*, 786 F. Supp. 2d 240, 265 (D.D.C. 2011) ("Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief." (internal quotation marks and citation omitted)). The Court "employ[s] the same standard that governs a Rule 12(b)(6) motion to dismiss." *Lans*, 786 F. Supp. 2d at 265 (citing *Jung v. Ass'n of Am. Med. Colls.,* 339 F. Supp. 2d 26, 35-36 (D.D.C. 2004)).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). In considering such a motion, the "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, "the [C]ourt need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id.* The Court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions devoid of

---

[2] CWA filed an Answer [Dkt. #6] on February 28, 2011.

further factual enhancement." *Iqbal,* 129 S. Ct. at 1949-50 (internal quotation marks, brackets and citation omitted).  The Court also may consider "any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624 (D.C. Cir. 1997) (footnote omitted).

### B.  Breach of Duty of Fair Representation

In conclusory fashion, plaintiff alleges a breach of CWA's duty of fair representation, Compl. at 1, by its refusal to allow him to attend the meeting with a Share Group representative at Step Two of the grievance procedure.[3]  *Id.*  ¶ 7.  CWA argues that the allegations of the complaint do not state a claim for breach of duty of fair representation.  *See* Def.'s Mem. at 5-7.

"It is now well established that, as the exclusive bargaining representative of the employees in [a] bargaining unit, [a union has] a statutory duty fairly to represent all of those employees, both in its collective bargaining with [an employer] . . . and in its enforcement of the resulting collective bargaining agreement."  *Vaca v. Sipes,* 386 U.S. 171, 177 (1967) (citations omitted).  That duty "includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."  *Id.*  A plaintiff states a claim for breach of the duty of fair representation by alleging "that the union represented [him] in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *Harris v.*

---

[3]     Plaintiff also alleges other violations of the collective bargaining agreement.  For example, he claims that "Share Group violated Step 1 of contract with no written response." Compl. ¶ 7.  He also alleges that CWA representatives did not provide him with timely written responses at the end of Steps One and Two of the grievance process, *id.*, but such written responses are for Share Group to provide.  *See id.*, App. A-3.  Share Group, however, is not a party to this action.

*Amalgamated Transit Union Local 689,* 825 F. Supp. 2d 82, 86 (D.D.C. 2011) (internal quotation marks and citations omitted).

"[A] union is allowed a 'wide range of reasonableness' in serving the unit it represents," *Robeson v. U.S. Steel Corp.*, No. 09-11231, 2011 WL 4527840, at *5 (E.D. Mich. Sept. 29, 2011) (citing *United Steel Workers v. Rawson*, 495 U.S. 362, 374 (1990)), and its actions "are arbitrary only if, in the light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside the 'wide range of reasonableness' as to be irrational," *id.* (citing *Air Line Pilots Assoc. Int'l v. O'Neill*, 499 U.S. 65, 78 (1991)). For example, actions that are "intentional, severe, and unrelated to legitimate union objectives," such as discrimination based on race, are unreasonable. *Mathis v. CWA Local Union 4320*, No. 2:10-cv-1093, 2011 WL 3497189, at *4 (S.D. Ohio Aug. 9, 2011) (citing *Trail v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers of Am.* 542 F.2d 961, 968 (6th Cir. 1976)).

Missing from plaintiff's complaint are factual allegations to support his assertion that CWA's refusal to allow him to attend the "Step Two" meeting amounts to a viable legal claim. "A union does not breach its duty of fair representation simply by failing to give the grievant-member an opportunity to attend and notice of a particular segment of the grievance process." *Higdon v. United Steelworkers of Am., AFL-CIO-CLC*, 706 F.2d 1561, 1562 (11th Cir. 1983); *Cubangbang v. Mauna Lani Resort (Operation), Inc.*, No. 07-0241, 2007 WL 2746837, at *3 (D. Haw. Sept. 18, 2007) ("A union's failure to give a grievant notice of and opportunity to attend any particular segment of the grievance process does not necessarily constitute breach of a duty of fair representation."), *aff'd*, 319 F. App'x 481 (9th Cir. 2009); *see Dukes v. Bethlehem Steel Corp.*, 677 F. Supp. 390, 396 (D. Md. 1987) ("Unless it can be shown that a union's failure to afford plaintiff an opportunity to be present at a grievance proceeding amounted to an arbitrary

6

or bad faith handling of that claim, the duty of fair representation has not been breached."). Nor does a union breach its duty if it "fails to process a meritless grievance, fails to process a grievance due to error in evaluating its merits . . . , engages in mere negligent conduct or errors in judgment . . . , or decides not to arbitrate a grievance." *Eckert v. United Auto. Workers, Local Union 897*, No. 04-cv-538, 2012 WL 638810, at *5 (W.D.N.Y. Feb. 27, 2012) (citations omitted). A union is not obligated to pursue every grievance through all steps of grievance procedures. *See Plain v. AT&T Corp.*, 424 F. Supp. 2d 11, 21 n.12 (D.D.C. 2006) (citing *Vaca*, 386 U.S. at 191-93). Rather, a union may exercise its discretion to pursue only those grievances it deems meritorious. *See id.*; *Lewis v. Greyhound Lines -East*, 555 F.2d 1053, 1055 (D.C. Cir. 1977). Assuming that the allegations of CWA's conduct are true, plaintiff does not adequately state a duty of fair representation claim.

### C.  *Statute of Limitations*

CWA also argues that plaintiff's duty of fair representation claim should be dismissed as untimely. *See* Def.'s Mem. at 7-8. Arguing that a six-month limitations period applies, CWA asserts that plaintiff's claim is time-barred. *See id.* at 7. Plaintiff responds that he "definitely did not cite or file this case under the National Labor Relations Act." First Response to Motion to Dismiss [Dkt. #37] at 2. Rather, he purports to assert claims "including breach of fiduciary duty, negligence, legal malpractice, and other issues" for which a three-year statute of limitations applies under D.C. Code § 12-301(8). *Id.* at 1; *see* First Response to Motion to Dismiss [Dkt. #38] ("Pl.'s Opp'n") at 2-3. Plaintiff has achieved an uncommon feat among *pro se* litigants – "his complaint frames the lawsuit succinctly and clearly," Def.'s Mem. at 4, by declaring in the first sentence that he sues CWA for breach of duty of fair representation and for a violation of his constitutional right to due process, Compl. at 1. Notwithstanding the clear and concise statement

of his two claims, plaintiff devotes a great deal of energy arguing that his complaint raises claims that are neither mentioned expressly nor implied from the facts alleged in his complaint.[4] The Court must construe a *pro se* complaint liberally, but even a broad reading of plaintiff's complaint alleges no facts to support breach of fiduciary duty or negligence claims. *See Roberts v. Napolitano*, 792 F. Supp. 2d 67, 72 n.3 (D.D.C. 2011) (declining to consider allegations which "are nowhere stated in the Complaint"); *see also Sharp v. Rosa Mexicano, D.C. LLC*, 496 F. Supp. 2d 93, 97 n.3 (D.D.C. 2007) ("The Court agrees that plaintiff may not, through summary judgment briefs, raise the new claims . . . because plaintiff did not raise them in his complaint, and did not file an amended complaint."); *Calvetti v. Antcliff*, 346 F. Supp. 2d 92, 107 (D.D.C. 2004) (finding that plaintiffs' attempt "to amend their complaint to properly allege a claim of conversion . . . is clearly impermissible" where the complaint did not allege such a claim).

The duty of fair representation "is implied under the scheme of the National Labor Relations Act," *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983), which requires that such a claim be filed within six months. 29 U.S.C. § 160(b); *George v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 100 F.3d 1008, 1009-10 (D.C. Cir. 1996). "The six months begin to run when the claimant 'discovers, or in the exercise of reasonable diligence should discover, the acts that form the basis of his claim.'" *Hollie v. Smith*, 813 F. Supp. 2d 214, 220 (D.D.C. 2011) (quoting *McConnell v. Air Line Pilots' Ass'n, Int'l,* 763 F. Supp. 2d 37, 41 (D.D.C. 2011)).

---

[4] In his opposition to the motion to dismiss, plaintiff purported to "[move] to amend original pleadings to accuse [CWA] of two more D.C. Code [§] 12-301 offenses, 'breach of fiduciary duty' and 'negligence,'" Pl.'s Opp'n at 2, but that was not the proper means to amend the complaint. At that stage of proceedings, CWA already had filed its Answer. Plaintiff could have amended his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Had he sought the Court's leave to amend the complaint, he would have been required to file "[a] motion for leave to file an amended complaint . . . accompanied by an original of the proposed pleading as amended." LCvR 15.1.

In this case, plaintiff knew or should have known that CWA breached its duty of fair representation on or about March 26, 2009, the date on which CWA sent him written notice of its decision not to pursue his grievance beyond Step Two of the grievance process. Plaintiff filed this action on January 6, 2011, more than six months after his claim accrued.[5] He thus failed to initiate this lawsuit within the six-month limitations period, and the claim must be dismissed as time-barred. *See George,* 100 F.3d at 1014 (affirming application of six-month limitations period to duty of fair representation claims); *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1167 (5th Cir. 1989) (affirming dismissal of duty of fair representation claims which were "filed approximately two years after [the] claims arose, [and] therefore time-barred").

### D.  Due Process Claim

Under 42 U.S.C. § 1983, plaintiff purports to bring a due process claim, apparently arising from the denial of "fair hearings" to challenge his termination. Compl. at 1. In order to bring a civil rights action under § 1983, "[t]here is a requirement of state action on the part of the alleged wrongdoer in order for liability to attach." *Chandler v. W.E. Welch & Assocs., Inc.,* 533 F. Supp. 2d 94, 103 (D.D.C. 2008) (citation omitted). Plaintiff does not argue, and the complaint does not allege, that CWA was acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. Nor does plaintiff reveal any constitutionally-protected right he has in the grievance process itself or in his continued employment. Hence, to the extent that plaintiff seeks to bring a § 1983 claim against

---

[5]   The Clerk of Court received plaintiff's *pro se* complaint and application to proceed *in forma pauperis* on January 6, 2011. The complaint was officially placed on the Court's electronic docket on January 31, 2011. In the interim, the Court approved the application to proceed *in forma pauperis*, and otherwise underwent the internal administrative processing of these documents.

CWA based on an alleged violation of his constitutional due process rights, the claim must also be dismissed.

### III.  CONCLUSION

Accepting as true the allegations of plaintiff's complaint and drawing all inferences derived from the allegations in plaintiff's favor, the Court concludes that plaintiff has not pled any facts entitling him to relief.  Accordingly, CWA's motion for judgment on the pleadings will be granted.  An Order accompanies this Memorandum Opinion.

SIGNED this 16th day of May, 2012.

/s/

RICHARD W. ROBERTS
United States District Judge